UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MEZQUITA, | ) Case No. CV 14-5994-VAP (RNB) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| J. SOTO, Warden, | ) |
| Respondent. | ) |

On or about July 9, 2014 (signature date), petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Petition purports to be directed to a conviction sustained by petitioner in Los Angeles County Superior Court in 2002. Petitioner is alleging three grounds for relief:

    1.    His federal constitutional rights where violated when the trial court denied his new trial motion based on jury misconduct during voir dire.

    2.    The prosecutor's misconduct during closing argument and throughout the trial violated his federal constitutional right to due process and a fair trial.

    3.    The alleged facts in Grounds 1 and 2, if proven "would establish a miscarriage of justice and actual innocence gateway

1

exception to the AEDPA time limitations."

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[1]  28 U.S.C. § 2244(d) provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim

---

[1] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

or claims presented could have been discovered through the exercise of due diligence."

Here, it appears from the face of the Petition that petitioner did not seek review from the California Supreme Court of the Court of Appeal decision on direct appeal.[2] Under the relevant California Rules of Court, his time for doing so lapsed 40 days after the filing of the June 25, 2003 Court of Appeal decision. See Cal. R. Ct. 8.264(b) [formerly 24(b)(1)] and 8.500(e) [formerly 28(e)(1)]. Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on August 4, 2003. Moreover, given the nature of petitioner's claims herein, it does not appear to the Court that any of the other "trigger" dates under 28 U.S.C. § 2244(d)(1) apply here. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"). Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was August 4, 2004. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

//

---

[2] Although petitioner blames this failure on "appellate counsel's ineffective assistance," the Supreme Court has held that the right to counsel extends "to the first appeal of right, and no further." See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). There is no constitutional right to counsel for the purpose of filing a Petition for Review in the California Supreme Court, and where no constitutional right to counsel exists, there can be no claim for ineffective assistance. See Wainwright v. Torna, 455 U.S. 586, 587-88, 102 S. Ct. 1300, 71 L. Ed. 2d 475 (1982) (no right to counsel when pursuing discretionary state appeal); Miller v. Keeney, 882 F.2d 1428, 1432 (9th Cir. 1989) ("If a state is not constitutionally required to provide a lawyer, the constitution cannot place any constraints on that lawyer's performance.").

28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104 (2000), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." <u>See id</u>. at 1006. <u>Accord</u>, <u>Carey v. Saffold</u>, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. <u>See</u> <u>Nino</u>, <u>supra</u>.

Here, it appears from the face of the Petition that petitioner's first collateral challenge was a Los Angeles County Superior Court habeas petition that petitioner constructively filed on August 13, 2013. By then, petitioner's federal filing deadline of August 4, 2004 already had long lapsed and could not be reinitiated. <u>See, e.g.</u>, <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed), <u>cert. denied</u>, 540 U.S. 924 (2003); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001); <u>Wixom v. Washington</u>, 264 F.3d 894, 898-99 (9th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1143 (2002).

In Holland v. Florida, - U.S. -, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010), the Supreme Court held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, the petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. See id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009).

Thus, in order to be entitled to equitable tolling of the limitation period, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended); see also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

Here, it does not appear from the face of the Petition that petitioner has any basis for equitable tolling of the limitation period. Even if, as petitioner alleges, his appellate counsel failed to advise him back in 2003 of the AEDPA limitation period,

the law is well established that ignorance of the law does not constitute an "extraordinary circumstance" entitling a habeas petitioner to any equitable tolling of the limitation period. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (ignorance of the limitation period did not warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) (petitioner's alleged lack of access to law library materials and resulting unawareness of the limitation period until it was too late did not warrant equitable tolling), cert. denied, 525 U.S. 891 (1998); Gazzeny v. Yates, 2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for purposes of tolling of the AEDPA statute of limitations); Singletary v. Newland, 2001 WL 1220738, at *2 (N.D. Cal. Sept. 28, 2001) ("A misunderstanding of the complexities of federal habeas relief is not considered an extraordinary circumstance or external factor for purposes of avoiding an otherwise valid dismissal, as complete illiteracy does not even provide a sufficient basis for equitable tolling."); Ekenberg v. Lewis, 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); Bolds v. Newland, 1997 WL 732529, at *2 (N.D. Cal. Nov. 12, 1997) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); see also Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (holding that neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling). Moreover, it does not appear from the face of the Petition that petitioner was pursuing his rights diligently during the 10-year interval between when his conviction became final and when he filed his first state collateral challenge.

In Ground 3 of the Petition, petitioner purports to invoke the "actual innocence" exception to the AEDPA statute of limitations. In McQuiggin v. Perkins, - U.S.-, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that, in order to invoke that exception, a habeas petitioner must make a convincing showing of actual innocence under Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Under Schlup, 513 U.S. at 324, "such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Further, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327.

The Supreme Court has stressed that the exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." House v. Bell, 547 U.S. 518, 521, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006); see also Schlup, 513 U.S. at 324 (noting that "experience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare"). Moreover, the Ninth Circuit has noted that, because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." Shumway v. Payne, 223 F.3d 982, 990 (9th Cir. 2000) (citing Calderon v. Thomas, 523 U.S. 538, 559, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998)).

In the few cases the Court has located in which a federal habeas petitioner has been able to meet the Schlup standard, the "new evidence" consisted of credible evidence that the petitioner had a solid alibi for the time of the crime, numerous exonerating eyewitness accounts of the crime, DNA evidence excluding the petitioner and identifying another potential perpetrator, a credible confession by a likely suspect explaining that he had framed the petitioner, and/or evidence contradicting the very premise of the prosecutor's case against the petitioner. See, e.g., House, 547 U.S. at 521, 528-29, 540, 548-54; Souter v. Jones, 395 F.3d 577, 581-84, 591-92, 596 (6th

Cir. 2005); Carriger v. Stewart, 132 F.3d 463, 465, 471, 478 (9th Cir. 1997), cert. denied, 523 U.S. 1133 (1998); Lisker v. Knowles, 463 F. Supp. 2d 1008, 1018-28 (C.D. Cal. 2006); Garcia v. Portuondo, 334 F. Supp. 2d 446, 455-56 (S.D.N.Y. 2004); Schlup v. Delo, 912 F. Supp. 448, 451-55 (E.D. Mo. 1995).

Here, petitioner is basing his "actual innocence" claim on the factual allegations underlying his juror misconduct and prosecutorial misconduct claims. He also disputes the credibility of the eyewitness testimony presented at trial. However, petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. See Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003). Since petitioner has not even purported to adduce any new reliable evidence of his actual innocence that would satisfy the demanding Schlup standard, his actual innocence claim must be summarily rejected.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **September 8, 2014**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

DATED:  August 4, 2014

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE